**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND / ODESSA DIVISION**

**ONSCREEN DYNAMICS, LLC,**

Plaintiff, v.

**DOVER CORPORATION D/B/A DOVER FUELING SOLUTIONS, and**

**WAYNE FUELING SYSTEMS LLC D/B/A DOVER FUELING SOLUTIONS,**

Defendants.

**Case No. 7:26-cv-382**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff, ONSCREEN DYNAMICS, LLC ("Onscreen Dynamics" or "Plaintiff"), files this Complaint for patent infringement against Defendant, DOVER CORPORATION D/B/A DOVER FUELING SOLUTIONS ("Dover") and WAYNE FUELING SYSTEMS LLC D/B/A DOVER FUELING SOLUTIONS ("Wayne" and collectively "Defendants"), and alleges as follows:

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th Street, Suite 1003, New York, New York 10001.

3. Upon information and belief, Defendant Dover is a corporation organized and existing under the laws of the State of Delaware.

4. Upon information and belief, Defendant Dover owns an unnamed third party Delaware Capital Formation, Inc. ("Delaware Capital").

5. Upon information and belief, third party Delaware Capital is a domestic subsidiary owned by Defendant Dover.

6. Third party Delaware Capital is the registered owner of the U.S. Federal Trademark Registration, Registration No. 6069917, for the mark DOVER FUEL SOLUTIONS.

7. Upon information and belief, Defendant Wayne operates and maintains a physical place of business at 3814 Jarrett Way, Austin, Texas 78728, from which Defendant Wayne provides advanced fueling systems, intelligent fuel management, and site-operations solutions across North America.

8. Upon information and belief, Defendant Wayne operates under Defendant Dover's federal registered trademark DOVER FUEL SOLUTIONS.

9. Upon information and belief, Defendant Dover also operates under the trademark DOVER FUEL SOLUTIONS.

10. Upon information and belief, according to Defendant Dover's Form 10-K filed with the Securities Exchange Commission, Defendant Wayne is a domestic subsidiary owned by Defendant Dover.

## JURISDICTION

11. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

12. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants conduct substantial business in Texas and within this District, including maintaining a physical commercial presence in Austin, offering fueling products for sale from that location and through its website, and committing the acts of infringement alleged herein within

this District. Defendants have purposefully availed themselves of the privilege of conducting business in this District, and Plaintiff's claims arise from and relate to Defendants' activities in the District.

## VENUE

14. Venue is proper in this District under 28 U.S.C. § 1400(b) because, upon information and belief, Defendants have committed acts of infringement in this District and, through its Dover Fueling Solutions business, maintains a regular and established place of business in this District at 3814 Jarrett Way, Austin, Texas 78728. That location is identified as the global headquarters of Dover Fueling Solutions and is a permanent physical location from which Defendants regularly conduct their fueling-products business. Defendants have offered for sale and/or sold the Accused Product from or through that location, as alleged below.

## U.S. PATENT NO. 9,395,917

15. On July 19, 2016, U.S. Patent No. 9,395,917 (the "'917 Patent"), titled "Electronic Display with a Virtual Bezel," was duly issued by the United States Patent and Trademark Office. A Certificate of Correction issued on October 4, 2016. A true and correct copy of the '917 Patent, including the Certificate of Correction, is attached hereto as Exhibit A and incorporated herein by reference.

16. Onscreen Dynamics alleges that it is the current owner by assignment of the '917 Patent and possesses the right to sue for infringement of the '917 Patent.

17. The '917 Patent relates to touchscreen displays employing a virtual bezel. Claim 1 recites, among other limitations, a virtual bezel area having a touchscreen layer with a first mode of response, an active touchscreen region substantially disposed within the virtual bezel area and having a touchscreen layer with a second mode of response, and a gestural software application configured as further recited in the claim.

18. The specification explains that a virtual bezel may address problems associated with unintended touchscreen interactions while increasing display area and providing functionality otherwise associated with a physical bezel.

19. For example, claim 1 recites a virtual bezel area having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user, and an active touchscreen region having a touchscreen layer with a second mode of response to that first set of touch-based inputs. Claim 1 further recites a gestural software application in communication with the virtual bezel display screen, configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of content on the active touchscreen region.

20. The '917 Patent includes claims directed to specific touchscreen structures and modes of response, including claim 1 and dependent claims directed to gestural software, cross-region touch inputs, and touch-based soft buttons within the virtual bezel area.

**COUNT I: INFRINGEMENT OF THE '917 PATENT**

21. Plaintiff incorporates the above paragraphs 1-20 herein by reference.

22. Defendants have directly infringed and continues to infringe one or more claims of the '917 Patent in this District and elsewhere in the United States under 35 U.S.C. § 271(a) by selling, using, and/or offering for sale, without authorization, the Wayne Ovation fuel dispenser incorporating the DFS Anthem UX platform (the "Accused Product"), which includes the touchscreen display system described in Exhibit B.

23. The exemplary claim chart attached as Exhibit B supports the product-specific infringement allegations. Exhibit B charts the Accused Product against claims 1 and 2 of the '917 Patent.

24. Defendants' offer for sale and sale of the Accused Product constitute direct infringement of the asserted claims of the '917 Patent under 35 U.S.C. § 271(a). The accused

touchscreen system in the Accused Product satisfies each limitation of the applicable asserted claim, as illustrated in Exhibit B. At least as of service of this Complaint, Defendants have notice of the ‘917 Patent and the infringement allegations stated herein.

25. Onscreen Dynamics is entitled to recover damages adequate to compensate it for Defendants’ infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

26. Plaintiff seeks injunctive relief to the extent warranted by the evidence and applicable law, including upon a showing that the requirements for equitable relief are satisfied.

**JURY DEMAND**

27. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment in Plaintiff’s favor that Defendants have infringed one or more asserted claims of the ‘917 Patent;

B. A judgment that Defendants infringe one or more asserted claims of the ‘917 Patent either literally or under the doctrine of equivalents;

C. An award of damages adequate to compensate Plaintiff for Defendants’ infringement, in no event less than a reasonable royalty under 35 U.S.C. § 284, together with prejudgment and post-judgment interest and costs as permitted by law;

D. To the extent warranted by the evidence and applicable law, an injunction against further infringement of the ‘917 Patent; and

E. That Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper under the circumstances.

**Dated:** September 18, 2026

Respectfully submitted,

/s/ Karl Rupp_
Karl Rupp, Esq.
State Bar No. 24035243
SOREY & HOOVER, LLP
133 E. Tyler Street
Longview, Texas 75601
Tel: (903) 230-5600
Fax: (903) 230-5656
krupp@soreylaw.com

Terry M. Sanks, Esq. (*Pro Hac Vice* to be filed)
Florida Bar No.: 154430
BEUSSE SANKS, PLLC
612 E. Colonial Drive, Suite 250
Orlando, FL 32803
(407) 644-8888
tsanks@firstiniplaw.com
litigation@firstiniplaw.com

***Counsel for Plaintiff***
***Onscreen Dynamics, LLC***